*E-Filed: May 7, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONHAMS & BUTTERFIELDS AUCTIONEERS CORPORATION,<br><br>   Plaintiff,<br>   v.<br>YOON-SOO CHUN, ET AL.,<br><br>   Defendants.<br>_____/ | No. C14-00705 HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Re: Docket No. 7]** |

Bonhams & Butterfields Auctioneers Corporation ("Bonhams") sues Yoon-Soo Chun and Chinese Art Research & Consulting ("CARC") for breach of contract and fraud arising from their alleged failure to pay for an item on which they successfully bid at auction. Defendants removed the action from Monterey County Superior Court. They now move to dismiss Bonhams' claim for fraud because it does not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7. Bonhams' opposes the motion. *See* Dkt. No. 8. All parties have expressly consented to having all matters proceed before a magistrate judge. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on May 6, 2014, the Court denies the motion to dismiss.

//

//

//

## BACKGROUND

On or about December 7, 2008, Defendants registered for a Bonhams auction to be held on December 9.[1] At the time of registration, Defendants intended to bid on a rare Korean jar. They knew that they themselves were financially incapable of paying for the jar and were bidding on behalf of one or more undisclosed purchasers, but they concealed these facts from Bonhams. Attached to the complaint is the registration form filled out by Defendants on December 7 listing Chun as the client, CARC as his company, and a bid on the "jar of Joseon Dynasty," lot number 5220. On December 9, Defendants submitted the successful bid and were recognized as the jar's buyer, but thereafter they refused to pay the amount owed. Defendants further refused to make good on subsequent promises for payment, including a written promise in March 2009. "In registering to bid and in bidding on the Jar at Plaintiff's Auction on December 9, 2008, and in making additional promises to make payments on the Jar in or about March of 2009, Defendants knew they were omitting material facts and/or affirmatively misprepresenting the facts to plaintiff." Complaint, at ¶ 16.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

"In alleging fraud or mistake, a party must state with particularity the circumstances

---

[1] Unless otherwise stated, the following facts are from Bonhams' complaint and assumed to be true for purposes of this motion. *See* Dkt. No. 1, Ex. 1, "Complaint."

2

1  constituting fraud or mistake." Fed. R. Civ. P. 9(b).  However, "[m]alice, intent, knowledge, and
2  other conditions of a person's mind may be alleged generally." *Id.*  "A pleading is sufficient under
3  rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an
4  adequate answer from the allegations.  While statements of the time, place and nature of the alleged
5  fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v.*
6  *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

## DISCUSSION

Defendants argue that Bonhams has failed to adequately plead the circumstances of the alleged fraud, including the "who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Specifically, Bonhams does not identify the false statements that were allegedly made or who made them.

Bonhams alleges that in registering for the auction and bidding on the jar, Defendants committed fraud by omitting and/or misrepresenting material facts related to (1) Defendants' ability to cover their bid and (2) the other person(s) on whose behalf Defendants were bidding.  Thus, Bonhams at least generally alleges the fraudulent omissions and/or misleading statements in the body of the complaint.  Moreover, the attached registration form contains the misleading statements themselves (or lacks the material facts complained of), and adequately details the circumstances of the alleged fraud, including: the name of the registrant, his company, the date of registration, and the intended bid.  This information sufficiently apprises Defendants of the alleged fraud so as to reasonably allow them to prepare an adequate answer.

Bonhams also purports to base its claim of fraud on alleged subsequent promises for payment, including a written promise in or about March 2009, yet it provides no details of the circumstances surrounding these additional promises.  These allegations do not comply with Rule 9(b).  However, because Bonhams' allegations of fraud related to the registration and bidding do meet the particularity requirements of Rule 9(b), Bonhams has sufficiently pled a claim for fraud.  Accordingly, Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: May 7, 2014

3

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-00705 HRL Notice will be electronically mailed to:**

Dave Inder Comar     inder@comarlaw.com

Gerard A. Rose     gfitzrose@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**