United States District Court
For the Northern District of California

*E-Filed: November 6, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONHAMS & BUTTERFIELDS AUCTIONEERS CORPORATION,<br><br>  Plaintiff,<br>   v.<br><br>YOON-SOO CHUN; et al.,<br><br>  Defendants.<br>_____/ | No. C14-00705 HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>**[Re: Docket No. 33]** |

Bonhams & Butterfields Auctioneers Corp. sues Yoon-Soo Chun and Chinese Art Research & Consulting for breach of contract and fraud arising from Defendants' participation in Plaintiff's auctioning of a rare Korean jar ("Jar"). Specifically, Plaintiff alleges that Defendants made the winning bid on the Jar, but later refused to pay the purchase price, resulting in foreclosure on the Jar and the re-offer and sale of the Jar at a later auction.

Presently before the Court is the parties' Discovery Dispute Joint Report #1. Defendants seek the identity of the original consignor (seller) and the subsequent purchaser of the Jar at the later auction. Plaintiff declines to provide this information, arguing that: (1) revealing the information would invade their privacy rights under Article 1, section 1, of the California Constitution; (2) the information constitutes a trade secret that is protected by California's Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*.; (3) revealing the information would damage Plaintiff's reputation; and (4) the information is irrelevant. In the event that Defendants' request is granted, the parties have agreed

that the information be covered by a protective order.  Because the fact discovery cutoff is November 7, 2014, the parties also request that the pretrial deadlines be continued.

The Court will address Plaintiff's argument that this information constitutes a trade secret.  Subject to the limitations imposed by subsection (b)(2)(C), under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Because this case is brought in federal court pursuant to diversity jurisdiction, substantive privileges during discovery is governed by California law.  Fed. R. Evid. 501. California recognizes a privilege for trade secrets, Cal. Evid. Code § 1060, but requires disclosure "unless, after balancing the interests of both sides, [a court] concludes that under the particular circumstances of the case, no fraud or injustice would result from denying disclosure." *Bridgestone/Firestone, Inc. v. Super. Court*, 7 Cal. App. 4th 1384, 1393 (1992).  One factor in weighing the parties' interests is the availability of a protective order.  *Id.*

The party claiming the trade secrets privilege has the initial burden of showing the material it seeks to protect qualifies as a trade secret.  *Id.*  Next, the burden shifts to the opposing party to show that "the information sought is relevant and necessary to the proof of, or defense against, a material element of one or more causes of action presented in the case." *Id.*  Finally, "the burden is upon the trade secret claimant to demonstrate that an alternative to disclosure will not be unduly burdensome to the opposing side." *Id.*

2

Plaintiff has made a prima facie showing that its customer information qualifies as a trade secret under Cal. Civ. Code § 3426.1.  A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1.  The declaration of Gerard A. Rose, outside counsel for Plaintiff, establishes that Plaintiff would be harmed by the disclosure of the names and addresses of its consignors and customers, and Plaintiff has a strict policy to treat this information as a trade secret.  Dkt. No. 33, at 6-7.  Defendants do not dispute that this information qualifies as a trade secret.  *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (finding customer database to qualify as trade secret).

In regards to whether the information sought is relevant and necessary, Defendants argue that the original consignor and subsequent purchaser possess relevant and discoverable information.  Specifically, Defendants argue that discovery of this information would allow Defendants to obtain: (1) correspondence between the original consignor / subsequent purchaser and Plaintiff related to the Jar; (2) correspondence between the original consignor / subsequent purchaser and other third parties related to the auction of the Jar; (3) documents related to the provenance and authenticity of the Jar; and (4) documents related to the value of the Jar.

First, as to correspondence between the original consignor / subsequent purchaser and Plaintiff related to the Jar, Defendants only speculate that this information would "corroborate or provide additional potentially discoverable evidence related to Bonhams' statements about the Jar." (DDJR, at 2.)  The possibility that this information would lead to potentially discoverable evidence is insufficient to establish that this information is necessary.  Moreover, Defendants have not shown that Plaintiff's statements about the Jar are relevant or necessary to the defense of this action. Plaintiff provided cataloguing and provenance information to all bidders, including Defendants, in its catalogue for the auction.  The subsequent purchaser bought the Jar based on that same information.

Second, as to correspondence between the original consignor / subsequent purchaser and other third parties related to the auction of the Jar, Defendants have not provided any explanation as to why this information would be relevant or necessary to their defense. Defendants have failed to satisfy their burden.

Third, as to documents related to the provenance and authenticity of the Jar, Defendants have shown that this information is relevant to their defense. The authenticity of the Jar relates to defenses raised in their Answer. *See* Answer [Dkt. No. 17], Affirmative Defenses No. 2 ("Unclean Hands"), No. 23 ("Excuse of Performance"). Defendants may have defenses related to performance if the Jar were found to be inauthentic. *See, e.g.*, Restatement (Second) of Contracts §§ 153, 161 (governing mistake of fact and nondisclosure); Restatement (Second) of Contracts §178 (governing unenforceability based on grounds of public policy).

Fourth, as to documents related to the value of the Jar, Defendants have failed to show that this information is relevant to their defense. Defendants have not pointed to any defense raised in their Answer that would be implicated by information relating to the value of the Jar.

Accordingly, Defendants' request is granted in regards to documents related to the provenance and authenticity of the Jar. The names of the original consignor and subsequent purchaser shall be redacted from these documents. After agreeing to a stipulated protective order, the documents shall be produced no later than November 18, 2014.

As to the parties' request that the pretrial deadlines be continued, the Court declines to re-open fact discovery past November 7, 2014. The deadline for designation of experts with reports is continued to November 25, 2014, the deadline for designation of rebuttal experts with reports is continued to December 5, 2014, and the expert discovery cutoff deadline is continued to December 19, 2014. The last day for hearings on dispositive motions and the final pretrial conference date remain unchanged.

**IT IS SO ORDERED.**

Dated: November 6. 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  **C14-00705 Notice will be electronically mailed to:**

2  Dave Inder Comar     inder@comarlaw.com

3  Gerard A. Rose     gerard@gerardroselaw.com

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**